THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES HOLLISTER, JR., Defendant-Appellant.

Third District   No. 75-167

Opinion filed June 11, 1976.—Rehearing denied July 21, 1976.

Mark Burkhalter and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellant.

Martin Rudman, State's Attorney, of Joliet (William R. Ford, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

Defendant was convicted by a jury on a felony indictment charging armed violence under the Criminal Code of 1961 (Ill. Rev. Stat. 1971, ch. 38, par. 33A—2), and was sentenced to a term of not less than one nor more than two years in the penitentiary.

On appeal, defendant argues that because the elements of the felony charge of armed violence are exactly the same as the elements of the misdemeanor charge of aggravated assault (Ill. Rev. Stat. 1971, ch. 38, par. 12—2(a)(1)), it follows (1) that the indictment for armed violence states no offense since the legislature could not have intended to make conduct described as a misdemeanor also a felony, or alternatively, (2) if the legislature did so intend, then its statutory scheme is constitutionally infirm for denial of equal protection of the laws.

■■ If this were a case of first impression, some of us might be persuaded by defendant's alternative argument because of the rationale in the dissenting opinion in *People v. McCollough*, 57 Ill. 2d 440, 446, 313 N.E.2d 462, 465 (1974), and by the fact that subsequent to *McCullough*, the legislature amended section 9—3 of the Criminal Code (Ill. Rev. Stat.,

ch. 38) to redefine reckless homicide and involuntary manslaughter so that different elements are involved in each offense. In *People v. Graham*, 25 Ill. App. 3d 853, 323 N.E.2d 441 (3d Dist. 1975), however, it was noted that armed violence and aggravated assault do involve exactly the same elements, and that no constitutional infirmity derives from that incident. See also *People v. Williams*, 15 Ill. App. 3d 294, 304 N.E.2d 150 (3d Dist. 1973).

It is also argued by defendant that if it be legally permissible that the same elements can be defined as constituting the felony of armed violence and also the misdemeanor of aggravated assault, with disparate penalties, then the court erred in failing to supply a verdict form for the misdemeanor so that the jury might have found him guilty of only the lesser included offense.

■■ Since both offenses involve the same elements, and an acquittal on either one would legally require an acquittal on the other, the court properly refused to supply a verdict form for the misdemeanor. *People v. Pearson*, 16 Ill. App. 3d 543, 306 N.E.2d 539 (1st Dist. 1973).

No error being shown, the judgment of the circuit court is affirmed.

ALLOY, P. J., and STENGEL, J., concur.