THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. EARL D. WASHINGTON, Defendant-Appellant.

First District (3rd Division)    No. 78-16

Opinion filed August 30, 1978.

Robert L. Byman and Don R. Sampen, both of Chicago (Jenner & Block, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Earl A. Washington, was charged with burglary. After a jury found him guilty of that crime, the court sentenced him to two years probation. (Rufus Tucker was charged with the same burglary, but is not involved in this appeal.) Defendant contends on appeal that the evidence was legally insufficient to convict him of burglary.

At approximately 4 a.m. on April 4, 1975, a Walgreen drug store located at 3960 West Madison Street in Chicago was burglarized. The manager of the store was summoned to the premises a few minutes later. He testified that the front door was broken; glass and store merchandise were strewn on the ground both inside and outside the store. Some merchandise lay near a "burglar gate" while other merchandise lay between the gate and the door. The burglar gate, nine feet high, covered an outside entrance.

Officer Donald Quinn of the Chicago Police Department testified that his partner and he passed the store in a squad car at the time in question. Quinn saw two men. One man, Tucker, was climbing from the top of the burglar gate while defendant was helping him. Defendant was holding Tucker's feet in order to steady him. Tucker had 10 packs of cigarettes on his person; the police recovered no contraband from defendant. The latter told Quinn he did not know Tucker. The lighting conditions were good.

Officer Michael Simpson, Quinn's partner, testified that he saw Tucker crawl over the burglar gate while defendant guided Tucker's feet into the diamond shaped holes in the gate. Simpson observed merchandise and glass strewn around the gate.

Defendant testified that on the evening in question he had stopped at a nearby tavern. He left the tavern at 4 a.m. to go to his brother's home. He was waiting for a bus at the corner where the drug store was located when he heard a voice call out for help. He looked up, saw a man on top of the gate, and asked the man what he was doing. Defendant received no reply. Just then, the police arrived and arrested defendant and the other man. Defendant denied reaching up to help Tucker on the gate and stated that he had never seen Tucker before.

■■ Defendant contends that the evidence was legally insufficient to convict him of burglary. He argues that the State failed to prove him accountable for the crime and maintains that the evidence established only that he assisted as an accessory after the fact. Illinois statute defines accountability in part: "A person is legally accountable for the conduct of another when: * * * (c) Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." (Ill. Rev. Stat. 1975, ch. 38, par. 5—2.) Mere presence and negative acquiescence are not sufficient to constitute a person a principal to a crime, but one may aid and abet without actively participating in the overt act, and if the proof demonstrates he was present at the crime without disapproving or opposing it, the trier of fact may consider this conduct with other circumstances and reach a conclusion that such person assented to the commission of the crime, lent his approval, and was thereby aiding and abetting the crime. *People v. Nugara* (1968), 39 Ill. 2d 482, 236 N.E.2d 693.

■■ In our view, the defendant in the present case was apprehended while assisting Tucker, not after a completed offense, but during a burglary in progress. When the police officers observed defendant, he was actually assisting Tucker either to place his feet in the holes of the burglar gate or to climb down the gate. Broken glass and merchandise were

strewn about the area. Most significantly, the merchandise was scattered both inside and outside the gate. The trier of fact could well determine from these circumstances that the perpetrators intended to return inside the store. The evidence certainly presented an issue of credibility regarding accountability to the jury. It was the jury's province to weigh this issue and to determine matters of fact. We cannot say that the evidence is so unsatisfactory as to justify a reasonable doubt of guilt. We shall not disturb the determination of the jury. See *People v. Benedik* (1974), 56 Ill. 2d 306, 307 N.E.2d 382; *People v. Peters* (1975), 33 Ill. App. 3d 296, 337 N.E.2d 725.

Cases cited by defendant are distinguishable from the present case. In *People v. Zierlion* (1959), 16 Ill. 2d 217, 157 N.E.2d 72, defendant was asked to help move a safe after it had been removed from the burglarized warehouse by the burglars. It was undisputed that defendant was not present during the burglary. In *People v. Dougard* (1959), 16 Ill. 2d 603, 158 N.E.2d 596, defendant drove with his friend and stopped the vehicle in an alley while defendant broke into a basement. There was no evidence that defendant assisted the burglar nor did defendant drive the offender from the scene. In the present case, defendant was present during the burglary and was apprehended assisting Tucker.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

JIGANTI, P. J., and McGILLICUDDY, J., concur.