THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
PAUL TURNER, Defendant-Appellant.

Fifth District   No. 78-481

Opinion filed October 15, 1979.

John H. Reid and Daniel M. Kirwan, both of State Appellate Defender's Office, of Mt. Vernon, and Myron A. Hanna, law student, for appellant.

Clyde L. Kuehn, State's Attorney, of Belleville (Raymond F. Buckley, Jr., and Stephen J. Maassen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Following a bench trial in the Circuit Court of St. Clair County, defendant, Paul Turner, was convicted of armed violence and sentenced to 6 years imprisonment. From his conviction and sentence, defendant appeals.

The bill of indictment charged that:

"Paul R. Turner committed the offense of armed violence in that the said defendant, while armed with a dangerous weapon, a pistol, a Category I weapon, performed a felony prohibited by Illinois Revised Statutes, Chapter 38, Section 12—4(b)(1) in that he struck Sharon L. Flak in the head with a pistol, a deadly weapon, thereby causing bodily harm to Sharon L. Flak, in violation of Paragraph 33A—2, Chapter 38, Illinois Revised Statutes."

At trial, the evidence established that defendant did in fact strike the complaining witness on the head with a pistol in the parking lot of a Walgreen's Drug Store in Belleville.

■■ Section 33A—2 of the Criminal Code (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 33A—2) provides that "[a] person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois law." On appeal, defendant first contends that he was placed in double jeopardy in violation of both the United States and Illinois Constitutions because the same evidence or factor that elevated the offense from the underlying felony of aggravated battery to armed violence, *i.e.*, the use of the gun, was an essential element of proving that underlying felony. Defendant's reliance on the doctrine of double jeopardy is unfounded. The constitutional concept of double jeopardy protects an individual against a second prosecution for the same offense after either acquittal or conviction and protects against multiple punishments for the same offense. (*North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072; *People v. Gray* (1977), 69 Ill. 2d 44, 370 N.E.2d 797, *cert. denied* (1978), 435 U.S. 1013, 56 L. Ed. 2d 395, 98 S. Ct. 1887; *People v. Vahle* (1978), 60 Ill. App. 3d 391, 376 N.E.2d 766.) As defendant was neither tried nor punished twice for the same offense, we fail to see how he was denied his constitutional guarantee against double jeopardy. In fact defendant does not explain how he was subjected to double jeopardy nor how he was denied any other constitutional protection afforded to a defendant. In *People v. Muskgrove* (1976), 44 Ill. App. 3d 381, 358 N.E.2d 336, the court held that these statutory provisions, which permit a prosecutor to charge armed violence, upon facts identical to those constituting aggravating battery, were not unconstitutional as applied and did not violate the equal protection of the laws or constitute an unlawful delegation of legislative power. (See also *People v. Hollister* (1976), 39 Ill. App. 3d 514, 350 N.E.2d 373; *People v.*

*Graham* (1975), 25 Ill. App. 3d 853, 323 N.E.2d 441.) In addition, courts have found no denial of due process where criminal conduct is prohibited by two different statutes providing different penalties and the prosecutor chooses to charge the offense with the greater punishment. See *People v. McCollough* (1974), 57 Ill. 2d 440, 313 N.E.2d 462, *appeal dismissed* (1974), 419 U.S. 1043, 42 L. Ed. 2d 637, 95 S. Ct. 614 (reckless homicide/involuntary manslaughter); *People v. Gross* (1977), 52 Ill. App. 3d 765, 367 N.E.2d 1028 (armed violence/aggravated assault).

■■ ■ Defendant's alternative contention that the evidence was insufficient to prove him guilty of armed violence is likewise without merit. In essence, defendant argues that in order to prove armed violence, the State must show that the gun, which was used to establish the aggravated battery, must be used a second time. A similar, if not identical, contention was raised in *People v. Gross* and rejected.

As stated in *Gross:*

> "Defendant states that to prove him guilty of armed violence, it had to be proven that he placed the victim in reasonable apprehension of receiving bodily harm, that he used a dangerous weapon, and that he used a deadly weapon. Defendant asserts that because the evidence showed that only one gun was used, one of the elements was not proven. This argument has no merit. The armed violence statute is intended to include assaults committed with a deadly weapon. The State need not produce two guns." (52 Ill. App. 3d 765, 770, 367 N.E.2d 1028, 1031.)

We agree with the result reached in *Gross* and find it applicable to the present controversy. In addition, we note that the elements necessary to prove armed violence and aggravated battery are different and that there was sufficient evidence presented to prove both crimes. To establish aggravated battery under section 12—4(b)(1) of the Code (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(b)(1)), the State must show that an individual committed a battery while "using" a "deadly" weapon. Whether a weapon is deadly depends upon the facts and circumstances of each case as the statute does not expressly define the term. In comparison, to prove armed violence, the prosecution must demonstrate that the accused committed a felony while "armed" with a "dangerous" weapon. (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 33A—2.) What constitutes a "dangerous" weapon is set forth in a list contained in subsection (a) of section 33A—1 of the Code (Ill. Rev. Stat. 1978 Supp., ch. 38, par. 33A—1(a)), which list includes the type of weapon used in this case. The State therefore demonstrated not only that defendant used a deadly weapon while committing a battery, but that he also committed a felony while armed with a "dangerous" weapon. Accordingly, it is clear that the evidence was

sufficient to prove defendant guilty of armed violence beyond a reasonable doubt.

Defendant also assigns as error the failure of the trial court to give him credit against his sentence for the time he was confined in a hospital as part of a fitness examination. The facts established that defendant was released on bond following his arrest and that Dr. Syed Raza, a psychiatrist, was appointed by the court to conduct a psychiatric examination of defendant. Following the initial examination, Dr. Raza indicated that in his opinion defendant was unfit to stand trial because defendant was unable to recall the events surrounding the occurrence of the offense and was therefore unable to help his attorney prepare a defense. The psychiatrist speculated that the lapse of memory was caused by hypoglycemia or a psychomotor epileptic episode. Upon receiving the approval of Cheryl Prost, an employee of the St. Clair County Probation Department, Dr. Raza had defendant admitted to St. Elizabeth's Hospital for continued psychiatric evaluation and investigation. During defendant's 23-day stay at the hospital, he apparently received treatment for hypoglycemia and acute anxiety. Defendant was released on June 12, 1978, at which time Dr. Raza concluded that defendant's mental condition had improved to the point where he was fit to stand trial.

■ It is defendant's contention that subsection (c) of section 5—2—2 of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—2(c)) provides authority for granting defendant a 23-day credit against his sentence for the time spent in the hospital. We disagree. Under this subsection, a defendant, who is initially found unfit to stand trial but subsequently found fit and sentenced for the offense charged at the time of the initial finding, shall receive credit for the time spent in a hospital after such a finding of unfitness. It is clear that this statutory language does not apply to an individual not found by the court to be unfit to stand trial; nor was it intended to apply to an accused released on bond, who was thereafter placed in a hospital for medical and psychological treatment and evaluation by a physician. Accordingly, the defendant is not entitled to receive credit against his sentence for the time he spent in the hospital.

For the reasons stated, the judgment of conviction of the Circuit Court of St. Clair County is affirmed.

Affirmed.

KASSERMAN and HARRISON, JJ., concur.