THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RAFAEL BAES, Defendant-Appellant.

Third District    No. 80-248

Opinion filed March 25, 1981.—Rehearing denied May 1, 1981.

Robert Agostinelli and Karen Szpajer, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

Rafael Baes was indicted by a grand jury for two counts of armed violence and two counts of aggravated battery. Upon a plea of not guilty, he was tried by a petit jury in the Circuit Court of Will County. That jury found Baes guilty of one count each of armed violence and aggravated battery, but was unable to reach a verdict on the remaining two counts. It was the sentencing of the defendant that provides the issues for this appeal.

A brief recital of facts is helpful to understand the issues raised. On December 8, 1978, the defendant was in the parking lot of the Old Chicago Amusement Park. He was approached by two men, Gregory King and Jeffrey Conrad. King accused the defendant of beating him with a baseball bat several weeks earlier at the same location. At this time the defendant, perhaps because of taunts or provocation from King, lunged at King with a knife 4½ inches in length, stabbing King in the side. As King retreated, Conrad came to his defense and grabbed Baes from behind. The defendant then swung at Conrad with the same knife, again causing injury. The wounds of both King and Conrad required stitches.

At the trial of the defendant, some time after the jury had retired to reach its verdict, the jury sent a note to the court asking: "What is the lesser charge between armed violence and aggravated battery and why?" In a conference with the defendant's attorney and the prosecutor, the trial judge indicated that he believed it inappropriate to answer the jury's query. He reasoned that the jury's function was to decide questions of fact, *i.e.*, were all elements of the offense proved. Whether the offenses proved were classified by the legislature as more or less serious breaches of the criminal code is not pertinent to the jury's inquiry. The trial judge

gave counsel an opportunity to present contrary authority, and when none was presented, he refused to answer the jury's question.

The trial judge then responded to the foreman's oral question concerning whether the jury could find the defendant guilty of one charge and not the other. That response informed the jurors that they should read the instructions on the eight verdict forms and answer each guilty or not guilty based upon their conclusion as to the facts.

When the jury finally reported back to the court, the 12 had been unable to agree as to the two counts stemming from the injury to King, but the jurors found the defendant guilty of armed violence and aggravated battery for the stabbing of Conrad.

At the sentencing hearing, the prosecutor recommended the minimum sentence for Baes, and stated that it was unfortunate that the defendant was facing a mandatory minimum sentence of six years. Further, the People's attorney stated that the inquiries from the jury suggested that the 12 perceived certain mitigating factors present here which recommended a conviction of a lesser offense.

The trial judge stated for the record that he felt the minimum sentence mandated by the statute was too severe for the facts of the case before him; however, the judge felt he lacked authority to second-guess the legislature on matters of sentencing. He further stated that he hoped the defendant's sentence could be reversed by the appellate process, and if not, that executive clemency would be considered. We are now presented with the question of whether we can do what the trial court felt it could not.

Three separate offenses are pertinent to the discussion which follows. The first is battery:

> "A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." (Ill. Rev. Stat. 1979, ch. 38, par. 12—3(a).)

Battery is a Class A misdemeanor. The second crime subject to this discussion is aggravated battery:

> "A person who, in committing a battery, commits aggravated battery if he * * * (1) [u]ses a deadly weapon * * *." (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b).)

Aggravated battery is a Class 3 felony. Finally, we are concerned with the offense of armed violence:

> "A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law." (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2.)

Armed violence with a knife of the type used by defendant Baes is a Class

X felony. The Unified Code of Corrections requires the court to impose "not less than the minimum term of imprisonment" for Class X offenders. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3(c)(2).) The minimum sentence for a Class X felony is six years. Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(3).

■■ In the first instance, this court is asked to reduce the degree of defendant Baes' conviction pursuant to our authority under Supreme Court Rule 615(b) (Ill. Rev. Stat. 1979, ch. 110A, par. 615(b)). It is suggested that such a reduction took place in the supposedly analogous cases of *People v. Plewka* (1975), 27 Ill. App. 3d 553, 327 N.E.2d 457, and *People v. Coleman* (1979), 78 Ill. App. 3d 989, 398 N.E.2d 185. We recently noted that:

> "[a] court of review * * * will not reduce the degree of offense purely out of merciful benevolence. There must exist some evidentiary weakness upon which the court can rely in reducing the degree of the offense." (*People v. Mau* (1980), 88 Ill. App. 3d 924, 925, 411 N.E.2d 323.)

In the cases cited by defendant, such evidentiary weakness existed. In *Coleman* we found:

> "[t]he evidence * * * fatally weak in establishing beyond reasonable doubt that a knife was present and used in the commission by the defendant of the offense of armed robbery * * *." (78 Ill. App. 3d 989, 993, 398 N.E.2d 185, 187.)

In *Plewka*, evidence regarding a possible affirmative defense created a fatal weakness in the State's case. Where no evidentiary weakness is demonstrated, we have refused to reduce the degree of offense. *People v. Sweezer* (1980), 86 Ill. App. 3d 320, 410 N.E.2d 888; *People v. Mau.*

In the instant case, there is no weakness in the evidence as existed in *Coleman* and *Plewka.* Each element of the offense of aggravated battery and armed violence was admitted by the defendant. This is not the type of case which would warrant the reduction of the degree of offense within the rule of *Coleman* and *Plewka.*

■■ ■ We are urged to hold that the jury was improperly denied a response to its inquiry concerning lesser offenses. Defendant's counsel was given an opportunity to object to this denial in the circuit court, but failed to register his objection. That being the case, we believe this issue was waived for the purposes of this appeal. Even if the issue were not waived, we believe no error occurred. The jury's responsibility is to answer questions of fact. (*People v. Washington* (1978), 63 Ill. App. 3d 1037, 380 N.E.2d 1010.) When the court has properly instructed the jury as to the elements of the offenses in the indictment, it is the jury's task to determine if each of the elements of the offenses has been proved beyond a reasonable doubt. Instructions which inject unnecessary issues into the

deliberations of the jury are properly refused. (*People v. Delk* (1976), 36 Ill. App. 3d 1027, 345 N.E.2d 197.) In the case *sub judice*, the legislative scheme for categorizing offenses according to severity was not relevant to the determination as to proof of the elements of armed violence and aggravated battery.

■■ The defendant next complains that his conviction for armed violence is the result of "double enhancement" in contravention of legislative purpose. In particular, it is pointed out that a simple battery only becomes a Class 3 felony when aggravated by the presence of "a deadly weapon." The same aggravating factor renders the criminal act a Class X felony, an even more serious offense, because the enhanced battery is again enhanced with the use of the same "dangerous weapon." We recently reviewed the legislative history of the armed violence statute (Ill. Rev. Stat. 1979, ch. 38, par. 33A—2) and concluded that this complained-of double enhancement is consistent with legislative purpose. (*People v. Van Winkle* (1980), 86 Ill. App. 3d 289, 408 N.E.2d 29.) Without repeating the extensive discussion of this matter set forth in *Van Winkle*, we simply hold that we continue to find the rationale therein persuasive. See also *People v. Graham* (1975), 25 Ill. App. 3d 853, 323 N.E.2d 441.

■■ Another issue raised in *Van Winkle* was the constitutionality of double enhancement under the armed-violence statute. Again the court upheld the statute, concluding that:

> "It is not the function of this court to strike down legislation under the due process clause because some might think it unwise or would have drafted it differently." (86 Ill. App. 3d 289, 292, 408 N.E.2d 29, 32.)

We still adhere to that view, though mindful of the fact that the Supreme Court is currently considering this same issue. People v. Haron, Supreme Court Docket No. 53472.

■■ The defendant stabbed two unarmed victims without being seriously taunted or violently provoked. This is hardly a minor offense, and the legislature should be permitted considerable latitude in dealing with such evils. (*People v. Mau.*) We agree with the defendant that where a penalty prescribed by the legislature is so disproportionate to the offense that it shocks the moral sense of the community, then legislative latitude is exceeded. (*People v. Boucher* (1979), 75 Ill. App. 3d 322, 394 N.E.2d 60.) We refuse to minimize or trivialize an attack with a deadly weapon, and because we deem this act a serious one, we do not believe the mandatory sentence of six years exceeds constitutional limitations. Ill. Const. 1970, art. I, §11.

■■ The defendant next asks that we consider whether the prosecuting attorney abused his discretion in failing to *nolle prosequi* the armed violence counts when that same prosecutor did not believe equity would

permit imposition of the mandatory minimum sentence. A *nolle prosequi* is the formal entry of a declaration that a case will not be further prosecuted. The prosecutor has broad discretion to file a *nolle prosequi*, and the court is required to enter same absent a clear abuse of discretion. (*People v. Murray* (1966), 73 Ill. App. 2d 376, 220 N.E.2d 84; *People ex rel. Castle v. Daniels* (1956), 8 Ill. 2d 43, 132 N.E.2d 507.) The authority to file a *nolle prosequi* extends through all stages of the trial procedure. The declaration can be filed after the indictment is handed down, after the jury is impaneled, after the verdict is rendered, and up until the time that sentence is imposed. (*People v. Minner* (1927), 246 Ill. App. 376.) While prosecutors in some instances have a duty to exercise their discretion to *nolle prosequi* a count (*People v. Mortenson* (1922), 224 Ill. App. 221), we do not believe that duty arises where all the legislatively enumerated elements of an offense are clearly present. We believe those are the facts here, and while a discretionary *nolle prosequi* could have and can be filed in the interest of equity and benevolence, no duty to so file was or is present.

■■ Finally, both parties to this appeal concede that certain errors occurred at the sentencing hearing. The jury found Baes guilty of armed violence and aggravated battery as a result of his conduct toward Conrad, and the 12 reached no verdict as a result of the defendant's conduct toward King. Nevertheless, in imposing sentence, the court made the following statement:

> "So, show that I am sentencing him to the two counts of armed violence to six years, Illinois Department of Corrections, those are to be served concurrently and on the aggravated battery, I'll give him the sentence I probably would have given him which is two years which is the minimum for a class three felony. All sentences are to be served concurrently."

Sentence cannot be imposed for offenses which did not result in a judgment of conviction by the jury. Neither can sentence be imposed if one is a lesser included offense of another and both offenses arose from a series of incidental or closely related acts. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273.) In the instant case, the conduct which constituted armed violence was the same conduct which constituted aggravated battery, the armed violence being the commission of the aggravated battery while armed with a dangerous weapon. As a result of these errors, the sentence previously imposed is vacated and the matter remanded to the Circuit Court of Will County for a new sentencing hearing.

Sentence vacated and remanded.

ALLOY and STOUDER, JJ., concur.