THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARY COLEMAN, Defendant-Appellant.

Third District    No. 79-16

Opinion filed November 29, 1979.—Rehearing denied January 4, 1980.

Robert Agostinelli and Peter Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Rita Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendant after trial by jury in the circuit court of Peoria County was found guilty of the offense of armed robbery and was sentenced to a determinate term of six years of imprisonment.

During the trial of the defendant the evidence established that she was a prostitute plying her vocation in the city of Peoria on the evening of April 25, 1978, when she encountered David Wood, who was driving around in his brother's pickup truck. It was the testimony of Wood, the alleged victim, that he was solicited as a customer by the defendant. Wood indicated that he had $30, so the defendant accompanied him in the truck to an empty lot. Upon arriving at this location Wood testified that he left the truck for the purpose of relieving himself and upon his return advised the defendant that he had changed his mind, whereupon the

defendant pulled a knife from her purse, threatened the victim with it and demanded his billfold. He further testified that the defendant poked a hole in the seat of his truck and subsequent testimony of a police officer was that he observed a small puncture type hole in the front seat. It was the further testimony of Wood that the defendant obtained his billfold, which was subsequently returned to him by the police, to whom it had been delivered by a party who found the same approximately three or four blocks from where he first encountered the defendant. The $30 was missing but other contents, *i.e.*, identification papers, photographs, etc., were in the wallet.

The defendant testified in her own behalf and admitted that she was a prostitute, that she had "dated" Wood in the past and that she agreed to accompany him to the vacant lot. It was the defendant's testimony that Wood attempted to force her head down, at which time she screamed, broke free and jumped from the truck. She stated that she threatened to go to the police but that Wood pleaded with her not to, claiming that he was drunk and only joking, after which he stated that he would give her the promised money for wasting her time, but that he then denied he had any money, and after a further argument she walked away still claiming that she would go to the police. The defendant categorically denied the charge of robbing Wood.

The defendant was arrested shortly after the incident in question and a search failed to yield the presence of a knife or the victim's wallet.

Following closing arguments the jury retired for 2½ hours and then returned to open court and indicated that a verdict could not be reached. The trial court then over objections by the defense gave the *Prim* instruction (*People v. Prim* (1972), 53 Ill. 2d 62, 289 N.E.2d 601) to the jury. One hour and five minutes later the jury returned a verdict of guilty on the charge of armed robbery.

Hearings were had on post-trial motions and sentencing during which defense counsel challenged that portion of the Class X legislation which mandated a minimum term of six years for an armed robbery conviction. The trial court found the challenged law constitutional and imposed the mandatory sentence. During the post-trial proceedings the trial court made observations pertinent to the issue raised in this appeal and those observations are as follows:

> "THE COURT: I will rule on this as follows, that I will find the present law of the State of Illinois Constitutional based upon these Illinois cases. I will state for the record that under the law, under this law, I cannot give, even consider at all, probation. That if I was allowed to in this case, I would give it serious consideration.
>
> Secondly, I cannot in this case give any consideration to a term in the Department of Corrections for less than six years. I think if I

were allowed to do it, if I decided not to give probation, I would not sentence her to any greater term than three years. I think this should be appealed, and I think the issue should be presented to the Appellate Court. I feel that I am bound by the decisions of the Appellate Court, and if they're going to strike down the Class X or strike down the giving of minimum sentences or non-probationable sentences, that should be done by the Appellate or Supreme Court.

\* \* \*

THE COURT: Then I will impose a sentence on the Defendant for six years upon her in the Department of Corrections. I like to try and make the punishment fit the crime, and I think in this case because of her character and because of the circumstances of the crime, that she is being definitely over-punished for this offense. I don't believe that her punishment in any way fits the crime. And I want that to appear of record, and if I had it within my power, I would sentence her to a much reduced type of sentence. But I do not have that power."

■■ The sole issue presented for determination in the brief of the defendant is her contention that the sentence imposed was unduly harsh and that this court should exercise its power to mitigate its severity. We take cognizance of the fact that in defendant's primary brief she concedes by counsel that the trial court's finding was correct in holding the penalty provision statute for armed robbery constitutional; yet in her reply brief she attempts to retreat from this concession and questions the law's constitutionality. We will not address ourselves to the constitutionality question since the same was not only waived but it cannot be raised for the first time in a reply brief on appeal. *People v. Taylor* (1970), 123 Ill. App. 2d 430, 258 N.E.2d 823.

Should this court exercise its power to mitigate what the defendant asserts to be an unduly harsh sentence imposed upon her is the precise and only issue before this court.

By Supreme Court rule this court has been granted the power, *inter alia*, to reduce the degree of the offense of which an appellant was convicted and to reduce the punishment imposed by the trial court. See Supreme Court Rule 615(b) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(b)(3),(4)), and *People v. Plewka* (1975), 27 Ill. App. 3d 553, 327 N.E.2d 457.

■■ The power granted by Supreme Court Rule 615(b)(3)(4) should be exercised with caution and circumspection, but the fact that such powers have been granted to a reviewing court is indicative of the fact that our supreme court recognizes that situations have arisen in the past and will

arise in the future where an appellate court must in the interest of fair and uniform administration of justice exercise the powers granted by the rule.

The instant case requires an examination of the evidence in order to establish whether the court should interfere with the degree of the offense of which the defendant was found guilty and the sentence imposed thereon.

An analysis of the evidence discloses that the defendant categorically denied robbing the victim, yet his billfold minus $30 was some weeks later found in the vicinity of the defendant's area of operations. The victim claims that he was threatened with a knife, yet the defendant was apprehended but a short time after leaving the vacant lot and a search of her purse failed to produce a knife or the victim's wallet. This search occurred at 11:30 p.m. and the defendant was taken into custody by the police. Approximately one hour and 15 minutes later the defendant was again searched by a police woman and again no knife or wallet was found. The only evidence which might tend to corroborate the victim's testimony concerning the defendant's use of a knife was a police officer's testimony that a small puncture hole was found in the passenger side of the front seat of the victim's truck. There is also evidence in the record that the victim was not a naive 18-year-old boy in that he had been with the defendant in the past.

At the close of the evidentiary portion of the trial it is significant to note that the jury first announced that it could not reach a verdict and did so only after receiving the *Prim* instruction, which is an approved instruction given to deadlocked juries in an effort to obtain a verdict.

It certainly cannot be ignored that the record is replete with remarks of the trial judge which make it exceedingly clear that the judge was loath to impose the mandated six-year sentence and would have preferred a lesser sentence of three years and would have given consideration to a sentence of probation. The record discloses that the trial judge was cognizant of the defendant's prior difficulties with the law but nevertheless persisted in expressing a dissatisfaction with the imposition of the Class X felony penalty.

■■ After examining the evidence, and evaluating the same in light of the jury's difficulty to reach a verdict and the trial judge's reluctance to impose the six-year sentence, we are of the opinion that this court has a duty to invoke the powers granted to it by Supreme Court Rule 615(b)(3), (4). The evidence is extremely weak if not fatally weak in establishing beyond reasonable doubt that a knife was present and used in the commission by the defendant of the offense of armed robbery on the victim Wood. The return of the victim's billfold with various identification papers but minus currency can logically support a finding of

guilty for the offense of robbery. We therefore conclude that the application of the armed robbery statute is inappropriate and the six-year sentence imposed thereon must fall. We therefore reduce the degree of the offense to which the defendant was convicted to robbery (Ill. Rev. Stat. 1977, ch. 38, par. 18—1), and in light of the trial judge's repeated remarks concerning his displeasure as to a six-year sentence and his belief that a maximum sentence should be no more than three years, we accordingly impose a sentence of three years of imprisonment upon the defendant for the offense of robbery.

Conviction affirmed on reduced offense and sentence imposed.

STOUDER, P. J., and ALLOY, J., concur.