THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ADRIAN SWEEZER, Defendant-Appellant.

Third District   No. 80-20

Opinion filed July 22, 1980.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

In this appeal by the defendant, Adrian Sweezer, from his conviction following a bench trial of armed robbery, only one issue is raised. That issue is whether the appellate court, to mitigate the allegedly unduly harsh six-year minimum term imposed as required by the armed robbery statute, should reduce the degree of the offense for which the defendant was convicted and remand the cause for resentencing.

At the trial Kathy Hawkins, the victim of the armed robbery, testified that at approximately 10:15 p.m. on April 21, 1979, after drinking at a tavern, she was walking on Cass Street in Joliet when a man approached her quickly from behind, walked ahead of her and when he was four to five steps in front turned quickly and pointed a six- to eight-inch knife at her abdomen. The man demanded her purse, which she surrendered. Ms. Hawkins stated this occurred under a streetlight and she identified, over defense objection, Adrian Sweezer as her assailant. Although the witness gave a description of the man to police officers, she did not go to the station to view photographs that evening. At one point she advised an interviewing officer that she did not know if she could identify the man because she was too scared.

Johnnie Lee Heather testified for the State and corroborated much of Ms. Hawkins' testimony. Heather came to a rolling stop in his auto about 20 to 40 feet from where Hawkins had been stopped and observed the defendant, whom the witness knew, with a knife. The defendant grabbed the victim's purse and ran.

Two passengers in Heather's vehicle, Donald Christiansen and Juan Villicana, also testified to defendant's taking a purse from Hawkins, but neither saw the defendant produce a knife. The State then rested their case, and the defendant's oral motion for judgment of acquittal was denied.

Several police officers testified during the presentation of defendant's case. Officer Thomas Todd had occasion to interview Hawkins shortly after the incident, at which time she stated that she did not feel she could identify her assailant. Although Hawkins was asked to go to the police department to view photographs, she stated she preferred to put it off to

another day due to her excited condition. Officer Todd detected a slight amount of alcohol on the complainant's breath. Officer Jerry McDonald then testified and corroborated much of Officer Todd's testimony.

Another officer, James Stewart, testified that on April 30, 1979, he interviewed Juan Villicana, who stated he did not see a weapon. Officer Stewart also interviewed John Heather, and it was Heather's statement that he saw what he believed to be a knife in defendant's hand.

Jeffrey Beasley, an investigator for the public defender's office, testified that he had occasion to interview Don Christiansen, and Christiansen indicated he never saw the defendant with a knife in his possession. Beasley also interviewed John Heather, who stated he had seen a knife in the defendant's hand.

Sandra Gant, the defendant's aunt, testified that between 9 and 10 p.m. on April 21, 1979, she heard an argument in progress between a white heavyset man and a blond woman outside her residence on Cass Street in Joliet. The defendant, who was also present in the apartment, left at approximately 10 p.m. and returned about 20 minutes later. The witness denied ever seeing the defendant with a knife during the time he was at her apartment.

Adrian Sweezer then testified that at about 10 p.m. on the date in question he left his aunt's apartment, and after listening to an argument between a heavyset white man and a blond woman, he pursued the woman down Cass Street. Once over a bridge on Cass Street, defendant caught up with the woman, wheeled around and faced her. He denied having anything, including a knife, in his hands. Once he faced the woman he hollered out, "Give me your purse." The woman stopped and stared at him for about five seconds. He hollered at her again, "Give me your purse," and pointed his hand at her in an angry way. Ms. Hawkins at this point surrendered her purse. During cross-examination the defendant conceded that his responses during initial police interrogation were in fact not true.

Joseph Parks, a truck driver, testified that he had witnessed the offense and saw no weapon in the defendant's hands. He acknowledged, however, that he had not paid attention to Sweezer's hands.

Deborah Tucker, yet another witness to the incident, was called in rebuttal by the State. Although unable to recognize the assailant, she did observe something long and shining in his hand as he came across Henderson Street.

Following closing arguments, the court found Adrian Sweezer guilty of armed robbery as charged. On December 28, 1979, a combined hearing was held on post-trial motions and sentencing. During the course of the hearing, counsel for the defense urged the trial court to consider the application of *People v. Coleman* (1979), 78 Ill. App. 3d 989, 398 N.E.2d

185, in order to mitigate the harsh application of the statutorily mandated six-year term for armed robbery. The State recommended a term of seven years, but the trial court sentenced defendant to a minimum term of six years.

Based on these facts, there is no factual basis for reducing the degree of the offense. (See *People v. Dwyer* (1980), 84 Ill. App. 3d 1198.) Three witnesses, including the victim, testified that the robber used a knife in the commission of the robbery. While other witnesses identified the defendant as the robber, these witnesses did not observe a knife. The differences between these versions of the incident may well have resulted from the angle of the line of vision of each witness at the time of the incident. The defendant's testimony that he had no knife could have been disregarded by the trial court as a self-serving statement.

Distinguishable from the case at bar are the cases relied upon by the defendant, *People v. Coleman* (1979), 78 Ill. App. 3d 989, 398 N.E.2d 185, and *People v. Plewka* (1975), 27 Ill. App. 3d 553, 327 N.E.2d 457. In those cases the demonstrated weakness in the evidentiary basis for the conviction is much more serious than a mere question of credibility. Therefore, we refuse to reduce the degree of the offense in the present case.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY and STENGEL, JJ., concur.