THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICHARD BARTLETT, Defendant-Appellant.

Second District    No. 80-2

Opinion filed December 12, 1980.

Michael Jay Green and Joel S. Ostrow, both of Green, Block & Associates, of Chicago, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Phyllis J. Perko and William L. Browers, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

Defendant appeals from a sentence of four years to four years and one day imposed upon him after he was convicted of armed robbery (Ill. Rev. Stat. 1977, ch. 38, par. 18—2) based upon an accountability theory

(Ill. Rev. Stat. 1977, ch. 38, par. 5—2). Pursuant to the old sentencing act (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1 *et seq.*), under which defendant elected to be sentenced, upon a conviction of armed robbery, a sentence of four years to four years and a day imprisonment was the least sentence permitted (Ill. Rev. Stat. 1977, ch. 38, par. 1005—8—1(b)(2)). A defendant convicted of armed robbery could not receive probation. Ill. Rev. Stat. 1977, ch. 38, par. 1005—5—3(d)(1).

The sole issue on this appeal is whether this court should reduce the degree of defendant's offense, from armed robbery to robbery, using its discretionary authority under Supreme Court Rule 615(b)(3) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(b)(3)).

There is basically no dispute as to the facts. On the night of October 1, 1977, defendant and three other males robbed a gas station on route 83. Earlier in the evening, the four young men were drinking together and had taken some acid. According to defendant, who testified in his own behalf, it was his co-felon, James Elam, who suggested robbing a gas station and stated that he had a gun. Defendant further testified that defendant laughed at Elam's suggestion.

The four young men entered defendant's car and defendant drove to Elam's home. Elam went inside and told defendant to remove his license plates. Defendant explained that, to call Elam's bluff, he removed one of the plates from his car. When Elam came back into the car, defendant drove himself and his companions around for approximately one hour, during which time there was no further discussion of a robbery.

Defendant stated that he pulled into a gas station because he needed gas. The three others exited the car and went to the bathroom. When they returned, Elam got into the front seat next to defendant; the two others sat in the back. According to defendant, when the gas station attendant asked for payment, Elam pointed a gun at the attendant and demanded money. Defendant submitted, at trial, that, prior to that time, he did not know Elam possessed a gun and that he had no intent to rob the gas station when he entered it. According to the attendant, it was the driver of the car who told him to hand over the money while the passenger in the front seat pointed a gun at him. The attendant also stated that all of the occupants of the car prodded him for money. The attendant could not identify any of the defendants at trial.

Defendant admitted that he took the money from the attendant and handed it to Elam and, upon Elam's command to "get going," he panicked and drove out of the station in a hurry. Defendant also admitted that, when a squad car pulled up behind him, he kept driving; that, when he came upon a police car stopped in the middle of the road, he drove 75-80 m.p.h. to get around it; that his car skidded and ran into a sign; and that he exited the car and fled, crying, into the woods. There, he ran into

Elam. There was some discrepancy in the testimony at trial as to whether defendant accepted one-half of the proceeds of the robbery from Elam. Defendant turned himself in to the Du Page County police the following Sunday.

James Elam entered a negotiated plea to a charge of robbery and received a three-year sentence. Defendant chose to go to trial and was convicted of armed robbery, for which he received the least possible sentence of four years to four years and a day.

At defendant's sentencing hearing, the judge heard evidence regarding defendant's background. Defendant was 17 years old at the time of the offense and had no prior criminal record. The trial judge repeatedly commented about the less active role defendant played in the crime, as compared to James Elam's participation, and urged the State's Attorney to reduce defendant's charge to robbery; he refused to do so, however. Thus, the trial judge had no choice but to impose the sentence of four years to four years and one day upon defendant.

Defendant contends that he is being treated more harshly than Elam, the party who instigated the crime, brought the gun, used the gun, took the money and selected the victim, and therefore this is the classic situation for which the authority of this court exists to reduce his charge and sentence.

We do not agree.

Defendant was found guilty based upon the accountability statute (Ill. Rev. Stat. 1977, ch. 38, par. 5—2(c)). Under that statute, an individual is legally accountable for the conduct of another when:

> "Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense. * * *" (Ill. Rev. Stat. 1977, ch. 38, par. 5—2(c).)

While mere presence at the scene of an armed robbery or negative acquiescence in the actions of another is insufficient to hold one accountable as a principal to a crime, one may nevertheless be held to aid and abet even without actively participating in the overt act. If the evidence shows that the accused was present at the scene of the crime without disapproving or opposing it, the trier of fact may consider this conduct along with other circumstances in determining whether such person assented to the commission of the criminal activity, lent to it his countenance and approval and thereby aided and abetted the crime. *People v. Crutcher* (1979), 72 Ill. App. 3d 239, 242, citing, *People v. Nugara* (1968), 39 Ill. 2d 482, 487, *cert. denied* (1968), 393 U.S. 925, 21 L. Ed. 2d 261, 89 S. Ct. 257.

■■ Defendant Bartlett neither disapproved nor opposed the crime. The

evidence revealed that defendant removed one of his license plates and drove the car. While defendant testified that he thought the plan was a joke, his acts, nevertheless, were sufficient to aid and abet the crime. Moreover, defendant admitted that he panicked and drove hurriedly away from the scene of the crime. Where a defendant knowingly drives a getaway car, he is legally accountable for the crime committed. (*People v. Hendrix* (1974), 18 Ill. App. 3d 838, 840-41; *People v. Richardson* (1971), 132 Ill. App. 2d 712, 714.) While it is true that Elam was a more active participant in the crime and the State may choose to charge a less active participant with the lesser offense of robbery (*e.g., People v. Mitchell* (1978), 60 Ill. App. 3d 598), the State did not do so in this case. Based upon an accountability theory, defendant's actions were sufficient to support a finding that he aided the armed robbery of the gas station.

■■ Defendant cites the case of *People v. Bracey* (1969), 110 Ill. App. 2d 329, for the proposition that knowledge by defendant of the presence of a weapon is crucial to a conviction based upon accountability. Defendant's proposition is erroneous and is a misinterpretation of that case. The court, in *Bracey*, listed, as one of the factors it considered in finding the defendant therein accountable for the use of a weapon, the fact that defendant knew the group with which he associated was armed. Defendant's assertion that a defendant must always have knowledge of the presence of a weapon in order to be held accountable for it does not follow from the *Bracey* opinion. In fact, the opposite is true. A defendant may be held accountable for armed robbery even where he asserts that he was unaware that his codefendant possessed a weapon. (*E.g., People v. Crutcher* (1979), 72 Ill. App. 3d 239; *People v. Peters* (1975), 33 Ill. App. 3d 296; *People v. Hendrix* (1974), 18 Ill. App. 3d 838.) Moreover, defendant's signed, written statement and his testimony at trial reveal that he drove Elam home where Elam got his gun. Even if Elam exited his residence ostensibly unarmed, under those circumstances it is more than likely that defendant knew that Elam possessed the gun.

The cases defendant has cited wherein an appellate court reduced a charge of armed robbery to one of robbery are cases which are either factually distinguishable from the case at bar (*e.g., People v. Latham* (1974), 17 Ill. App. 3d 839) or cases wherein the court found that there was insufficient evidence to establish that a weapon was, in fact, present at the occurrence (*e.g., People v. Coleman* (1979), 78 Ill. App. 3d 989; *People v. Taylor* (1972), 3 Ill. App. 3d 313. *Cf. People v. Plewka* (1975), 27 Ill. App. 3d 553). Defendant has also cited cases wherein an appellate court has reduced sentences; these, however, are cases in which the trial judge made a substantial error of law (*e.g., People v. Cowherd* (1978), 63 Ill. App. 3d 229; *People v. Spencer* (1977), 52 Ill. App. 3d 378), and are inapplicable to the instant case.

Defendant asks this court to give substantial weight to the trial judge's repeated reluctance to impose a four-year sentence and her continuous request of the State's Attorney to reduce defendant's charge to robbery. We recognize that, recently, the Appellate Court for the Third District, in *People v. Coleman* (1979), 78 Ill. App. 3d 989, gave credence to the trial judge's repeated comments that he was loath to impose the six-year sentence for armed robbery mandated by the new sentencing act; that he would have preferred a lesser sentence of three years; and that he even would have considered probation; however, the appellate court's decision to reduce the armed robbery charge in that case was based primarily upon the "fatally weak" evidence which did not establish, beyond a reasonable doubt, that a weapon was present and used by defendant in the commission of the crime. (78 Ill. App. 3d 989, 993.) In the case before us, there is no question that a gun was present; therefore, we decline to follow the *Coleman* decision. See also *People v. Sweezer* (1980), 86 Ill. App. 3d 320.

Finally, defendant contends that his offense should, nevertheless, be reduced and his sentence decreased because his codefendant, who pleaded guilty to the lesser charge of robbery, was sentenced to a term of only three years.

■■ ■ We find no merit in defendant's contention. A State may have a legitimate reason for accepting a plea of guilty to a lesser charge. The acceptance, by the State, of a codefendant's guilty plea to a lesser charge does not prove that the codefendant was innocent of the more serious offense or that a jury would acquit him of the greater charge. (*People v. Panzer* (1979), 73 Ill. App. 3d 1, 8; see *People v. Hines* (1975), 28 Ill. App. 3d 976, 986.) Moreover, a difference between the sentencing of a defendant who stands trial and that of a codefendant who pleads guilty does not necessarily mean that the reviewing court is required to take action. (*People v. Hines* (1975), 28 Ill. App. 3d 976, 986.) Of course, a sentence cannot stand if there is a showing that defendant was punished merely because he exercised his constitutional right to trial (*People v. Hines* (1975), 28 Ill. App. 3d 976, 986); but, defendant has not made such a showing in the instant case.

Obviously, codefendant Elam benefitted by consenting to plead guilty to a lesser offense since the State's Attorney, thereafter, would not proceed with prosecution of codefendant for the more serious offense, and Elam could be sentenced only for a conviction of the lesser charge. However, there is no indication in the record that defendant likewise offered to plead guilty to the lesser offense. He proceeded to trial, was found guilty and convicted of armed robbery, receiving the least sentence of incarceration permissible for that offense. Defendant was not given a greater sentence than codefendant Elam because defendant chose to

proceed to trial; defendant was sentenced to a greater term because he was found guilty and convicted of the more serious offense.

Accordingly, the judgment of the Du Page County Circuit Court, Eighteenth Judicial Circuit, convicting defendant of armed robbery and imposing upon him a sentence of four years to four years and one day is affirmed.

Affirmed.

SEIDENFELD, P. J., and NASH, J., concur.