THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PRISCILLA EVANS, Defendant-Appellant.

First District (5th Division)   No. 1—87—1968

Opinion filed April 28, 1989.

J. Kevin McCall and Evelyn G. Baniewicz, both of Chicago (Jenner & Block, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Marie Quinlivan Czech, Special Assistant State's Attorney, and Inge Fryklund and Michael Brown, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Defendant Priscilla Evans appeals from her murder conviction

and sentence of 20 years. Defendant filed a 76-page brief with a 60-page appendix plus a reply brief of 55 pages, while the State filed a 93-page brief. It appears from the filing of these almost-tomes and a plethora of motions that the only issue conceded by the parties is that defendant shot and killed her husband, Joe Evans, on January 26, 1986. Although defendant raises 14 issues on appeal, the critical issue is whether the killing was justified as being in defense of self or others; or a voluntary manslaughter based either on provocation or an unreasonable belief of justification; or, as the jury found, a murder. Other issues raised range from alleged prosecutorial misconduct to improper evidentiary rulings.

Rather than examining the charges of error and misconduct made by defendant, we must reverse and remand this case for reasons that are now the law of this State in criminal trials relating to instructions given to the jury in a case of this nature.

Defendant's entire defense was that she shot and killed her husband because of fear for her and her children's safety after years of enduring Joe's abuse. In support of this theory, defendant tendered 35 jury instructions to the court. The State objected to all non-Illinois Pattern Jury Instructions (IPI) that were submitted, and instead, the IPI instructions relating to murder, voluntary manslaughter, and self-defense were given.

There is no reason to recite in detail the facts underlying the killing since the trial court concluded that defendant had presented enough evidence to justify giving self-defense and voluntary manslaughter instructions, and the record amply supports such a determination. Defendant and other witnesses testified that Joe had physically abused both defendant and her children on many occasions prior to the shooting. It was also stated that Joe had verbally and physically abused her at a birthday party the couple had attended earlier in the evening. Evidence was presented that the victim had ingested large amounts of alcohol, marijuana, and PCP throughout the day of the shooting, and defendant and her children testified that he was in a rage that was worse than others they had previously observed. When defendant and her husband returned home from the party, witnesses saw him smash her head into a brick wall outside their home. Once inside the house, Joe used a meat cleaver to break into their bedroom. After putting the cleaver away, Joe allegedly verbally threatened both defendant and her children who were present and, as he advanced toward defendant, she shot him. Much of this testimony was unrebutted by the State.

After this case was tried, our supreme court in *People v.*

*Reddick* (1988), 123 Ill. 2d 184, held that it was grave error to give IPI Criminal No. 7.02 (2d ed. 1981) (murder) in tandem with IPI Criminal 2d No. 7.04 (voluntary manslaughter—provocation) and/or IPI Criminal 2d No. 7.06 (voluntary manslaughter—belief of justification). The *Reddick* court concluded that when a defendant raises the defense that a killing was justified and presents sufficient evidence to raise issues which would, if believed by the jury, reduce the charge of murder to voluntary manslaughter, the relevant IPI instructions given together fail to inform the jury that the State bears the burden of disproving the mitigating mental states necessary to reduce a murder charge to manslaughter. (*Reddick*, 123 Ill. 2d at 197.) Therefore, under *Reddick*, in order to sustain a murder conviction, the State must prove all of the elements of murder and, additionally, must prove the absence of an unreasonable belief of justification by defendant. The IPI instructions given in this case erroneously required defendant to prove self-defense and/or adequate provocation or an unreasonable belief that the killing was justified.

■ The State first argues that defendant's non-IPI instructions were properly refused because there was absolutely no evidence that she acted in self-defense of herself or her children. Both the record in this case and the trial court's conclusion that defendant had presented sufficient evidence to entitle her to voluntary manslaughter and self-defense instructions controvert this argument.

The State also claims that, if the evidence supported the instructions, *Reddick* should not be retroactively applied to this case because jury instructions regarding affirmative defenses and the burden of proof are procedural in nature and not of constitutional dimensions. It relies on a prospective/retroactive application test set forth in *Stovall v. Denno* (1967), 388 U.S. 293, 18 L. Ed. 2d 1199, 87 S. Ct. 1967, and adopted in *People v. Laws* (1981), 84 Ill. 2d 493. The test criteria are (1) the purpose of the new rule, especially whether it enhances the truth-seeking process; (2) the extent to which law enforcement officials relied upon a prior rule; and (3) the effect on the administration of justice. The State claims that truth seeking is not served by the *Reddick* rule since the mitigating facts are presented to the jury regardless of the phrasing of the instructions. It also notes that law enforcement officials have relied in good faith on the IPI instructions for 18 years, and that if the new rule is retroactively applied, it would have a devastating effect on the judicial system.

■ However, we disagree with the State's "procedural only" argument. The *Reddick* court considered the giving of the IPI instructions to be "grave error." (*Reddick*, 123 Ill. 2d at 198.) Moreover, the

Illinois Supreme Court, in interpreting the retroactivity ruling of *Griffith v. Kentucky* (1987), 479 U.S. 314, 93 L. Ed. 2d 649, 107 S. Ct. 708, held that retroactive application in criminal cases is required when "(1) the case to which the new rule is to be applied was not final or was pending on direct review when the rule was declared and (2) the rule to be applied retroactively is of constitutional dimension." (*People v. Erickson* (1987), 117 Ill. 2d 271, 289.) We consider a grave error to be one of constitutional dimension. In so holding, we are following other recent first district court cases. See, *e.g., People v. Brooks* (1988), 175 Ill. App. 3d 136, *appeal denied* (1989), 124 Ill. 2d 557; *People v. Fercsi* (1989), 182 Ill. App. 3d 13; *People v. Shields* (1989), 181 Ill. App. 3d 260.

■■ ■ The *Reddick* decision did not change Illinois criminal law concerning the burden of proof in murder cases; it merely held that the IPI instructions concerning murder and voluntary manslaughter given together could erroneously mislead the jury. It is our opinion that such an error creates the possibility of denying a fair trial to a defendant. We must also note that the sole instruction given on self-defense (IPI Criminal 2d No. 24—25.06) made no mention that the State had the burden to prove beyond a reasonable doubt that the use of deadly force was not justified and, thus, was also reversible error. *Reddick*, 123 Ill. 2d at 201-02.

■■ We must also mention defendant's request that this court exercise its discretion pursuant to Supreme Court Rule 615(b)(3) (107 Ill. 2d R. 615(b)(3)) and reduce her conviction to the lesser included offense of voluntary manslaughter. However, this discretion should be exercised with great caution. (*People v. Coleman* (1979), 78 Ill. App. 3d 989.) We do not believe it would be appropriate or fair to either party to reduce a conviction where, so to speak, "the rules have been changed in the middle of the game" and, even more importantly, where the jury was erroneously instructed as to the burden of proof for self-defense exoneration.

Accordingly, we must reverse and remand this cause for a new trial.

Reversed and remanded.

PINCHAM and COCCIA, JJ., concur.