THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DANIEL RUCKHOLDT, Defendant-Appellant.

Second District   No. 83—655

Opinion filed February 22, 1984.

8

G. Joseph Weller and Kyle Wesendorf, both of State Appellate Defender's Office, of Elgin, for appellant.

Theodore Floro, State's Attorney, of Woodstock (Phyllis J. Perko and Cynthia N. Schneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE VAN DEUSEN delivered the opinion of the court:

After a bench trial, the defendant, Daniel Ruckholdt, was convicted of the offenses of burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a)) and theft under $300 (Ill. Rev. Stat. 1981, ch. 38, par. 16—1(a)). Both convictions were based on the theory that the defendant was legally accountable for the criminal actions of another (Ill. Rev. Stat. 1981, ch. 38, par. 5—2(c)). Thereafter, the court below imposed a three-year sentence for the burglary offense. The defendant appeals and raises a single assignment of error before this court: that he was not proved guilty beyond a reasonable doubt of the offense of burglary on an accountabil-

ity theory.

In an information filed on February 24, 1983, the State charged Daniel Ruckholdt, Richard Selby, and David Grata with the January 12, 1983, burglary of a van and the theft of a gray metal toolbox from the van. The defendant pleaded not guilty to the charges and waived his right to a trial by jury. Subsequently, he filed motions to suppress certain statements he made to the police and the physical evidence which the police obtained from his motel room.

Pertinent to this appeal, Crystal Lake Detective Keith Nygren testified at the suppression hearing that during a conversation he and Detective Michael Tierney had with defendant at his motel room on January 28, the defendant stated that, while he did not enter the van in question, he stood nearby the vehicle and was handed a toolbox from the van, which he then placed in the trunk of Richard Selby's car, and that later at the police station defendant admitted that he was present during the burglary. Detective Tierney's testimony at the suppression hearing relative to the January 28 conversation in defendant's motel room corroborated that of Nygren.

The trial court denied the motions to suppress, and the cause proceeded to a bench trial on June 3, 1983. The parties stipulated that on January 12, 1983, David Bruns did not give anyone authority to enter his van; that Bruns was the owner of a gray metal toolbox that had a value of less than $300; that David Bruns did not give anyone permission to take the toolbox; and that someone other than the defendant entered the van on January 12, 1983. The parties stipulated further that the testimony which Detectives Nygren and Tierney articulated at the suppression hearing would be incorporated as part of the trial record. At this juncture, the State rested its case.

Daniel Ruckholdt then testified that he, Richard Selby, and David Grata were riding around in Selby's automobile on the date in question. The three of them exited the car in the parking lot of an apartment complex situated on Devonshire Lane in Crystal Lake in order to urinate. Selby's car was parked next to a Ford van. After exiting the car, the defendant turned around and noticed that Grata was inside the van. Grata handed Ruckholdt a toolbox and told him to put it in the trunk of Selby's car. The defendant placed the box in the trunk of the car with the knowledge that it did not belong to Mr. Grata. According to the defendant, the three individuals had no prior conversation about entering the van and did not plan a burglary. The defendant remarked that he did not know that Grata was going to enter the van and did not view Grata enter the vehicle; he did, however, see Grata pick up the toolbox from the floor of the van. The defendant also admitted know-

ing that the van did not belong to Grata. While he could not say for sure that Grata did not have permission to enter the van, the defendant "more or less" knew that Grata did not have permission to enter the subject vehicle. After the three of them entered Selby's car, they departed the scene of the crime with the toolbox in the trunk of the automobile.

Following the arguments which both sides presented, the trial court found the defendant guilty of the offenses in question on the basis of an accountability theory and sentenced the defendant to a three-year term of imprisonment for burglary. Subsequently, the defendant filed a post-trial motion in which he alleged, among other matters, that the State failed to prove him guilty beyond a reasonable doubt of the charges in issue. The court below denied the motion after defense counsel argued that the defendant was not proved guilty beyond a reasonable doubt of burglary on an accountability theory. Thereafter, the defendant filed a timely notice of appeal on July 10, 1983.

The defendant's sole contention on appeal is that the State did not prove beyond a reasonable doubt that he was legally accountable for the burglary of the Ford van. In particular, he asserts (1) that his testimony established that he was unaware of any plan to burglarize the van and (2) that he did not aid or abet the commission of the offense because it was completed before he was cognizant of its occurrence. Relying primarily on *People v. Zierlion* (1959), 16 Ill. 2d 217, he maintains that his act in placing the toolbox in the trunk of Richard Selby's car makes him guilty of theft as an accessory after the fact, rather than legally accountable for the burglary.

██ █ As this court recognized in *People v. Grice* (1980), 87 Ill. App. 3d 718, *cert. denied (1981), 450 U.S. 1003, 68 L. Ed. 2d 207, 101 S. Ct. 1714*, the basic principles governing the area of the law dealing with the legal accountability are well settled. In order to demonstrate the defendant's legal accountability for the offense of burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a)) under section 5—2(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1981, ch. 38, par. 5—2(c)), the prosecutor must establish beyond a reasonable doubt that the accused solicited, aided, abetted, agreed, or attempted to aid another person in the planning or commission of the offense; that such participation took place either before or during the perpetration of the crime; and that this participation was with the concurrent, specific intent to promote or facilitate the commission of the offense. While mere presence at the scene of the crime is not sufficient to demonstrate legal accountability for the commission of the offense, a person may aid or abet another without participating actively in the overt act. Of course, words of agreement

are not essential to establish a common purpose to commit a crime because the common design can be inferred from the circumstances surrounding the perpetration of the unlawful conduct. In addition, although it is manifest that legal accountability for a crime is grounded on the accused's assistance prior to or during the commission of the criminal act, the defendant's conduct after the offense may raise an inference of prior or concurrent participation. *People v. Grice* (1980), 87 Ill. App. 3d 718, 724-25, and cases cited therein.

Continuing, the court in *People v. Grice* (1980), 87 Ill. App. 3d 718, acknowledged that mere presence at the scene of the crime does not render the accused culpable and that knowledge on the part of the defendant that a crime was being committed does not constitute aiding or abetting. However, the court also recognized that proof that the defendant was present during the perpetration of the offense, that he maintained a close affiliation with his companions after the commission of the crime, and that he failed to report the crime are all factors which the trier of fact may consider in determining the defendant's legal accountability. Also, the trial court's conclusion that the defendant is legally accountable for the unlawful conduct of another person will not be set aside on review unless the evidence is so improbable, unsatisfactory, or unreasonable that a reasonable doubt of the defendant's guilt exists. *People v. Grice* (1980), 87 Ill. App. 3d 718, 725-26, and cases cited therein.

Relying on cases which have stated that the crime of burglary is complete when a person unlawfully enters a structure or vehicle with the intent to steal (*People v. Figgers* (1962), 23 Ill. 2d 516, 519; *People v. Iannacco* (1957), 11 Ill. 2d 55, 59; *People v. Morris* (1972), 7 Ill. App. 3d 1055, 1057), the defendant argues that the instant burglary was complete when Grata entered the Ford van with the intent to commit a theft. Accordingly, citing *People v. Zierlion* (1959), 16 Ill. 2d 217, 219, he concludes that, rather than being accountable for the crime of burglary, he was guilty of theft as an accessory after the fact.

■ While it is undoubtedly true, for purposes of determining whether a person has committed the elements of burglary, that the crime of burglary exists when unlawful entry was gained with the requisite intent, it does not follow that the crime of burglary terminates at the instant the defendant obtains unlawful entry with the intent to commit a felony or theft. See, *e.g., People v. Hickman* (1974), 59 Ill. 2d 89, 94, *cert. denied* (1975), 421 U.S. 913, 43 L. Ed. 2d 779, 95 S. Ct. 1571 (where the court apparently recognized that the period of time and the activities involved in escaping to a place of safety are part of the crime of burglary itself).

We find the defendant's reliance on *People v. Zierlion* (1959), 16 Ill. 2d 217, to be misplaced, for in that case the defendant, who was not present at the time the safe was removed from the burglarized warehouse, helped the burglars move the safe some time after it had already been removed from the building. In *Zierlion*, there was no evidence that the defendant participated in the incident prior to being called upon to assist in moving the safe. By contrast, in the present case a reasonable inference which the trier of fact may have drawn from the evidence was that David Grata was still in the van at the time he handed the toolbox to the defendant. Thus, the defendant was assisting Grata during a burglary in progress, not after a completed offense. See, *e.g., People v. Washington* (1978), 63 Ill. App. 3d 1037, 1038-39.

■ The determination of the trier of fact in this case—that the defendant was legally accountable for the burglary—was clearly justified under the facts of this case. Here, the defendant was standing next to the burglarized van; saw Mr. Grata, who was inside the van, remove a toolbox from the floor of the vehicle; was handed the toolbox by Grata and then placed it in the trunk of Selby's automobile with full knowledge that it did not belong to Grata; and finally departed the scene of the burglary in the car containing the toolbox. In addition, the defendant admitted that he knew the van did not belong to Grata and that he "more or less" was aware that Grata did not have permission to enter the van. It is well established that the trier of fact may draw inferences from the conduct of the defendant when determining whether the defendant participated in a common purpose to do an unlawful act. (*People v. Bolla* (1983), 114 Ill. App. 3d 442, 447-48; *People v. Grice* (1980), 87 Ill. App. 3d 718, 725-26, *cert. denied* (1981), 450 U.S. 1003, 68 L. Ed. 2d 207, 101 S. Ct. 1714.) Here, the trial court reasonably concluded, based on the totality of the evidence, that the defendant's conduct at the scene of the crime and thereafter demonstrated that he was a participant in the burglary rather than an innocent bystander. See, *e.g., People v. Grice* (1980), 87 Ill. App. 3d 718, 726; *People v. Washington* (1978), 63 Ill. App. 3d 1037, 1038-39.

The judgment of the trial court is affirmed.

Affirmed.

HOPF and NASH, JJ., concur.