THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES CLAYBORN, Defendant-Appellant.

First District (5th Division)   No. 1—87—0381

Opinion filed March 2, 1990.

Paul P. Biebel, Jr., Public Defender, of Chicago (James H. Reddy, Assistant Public Defender, of counsel), for appellant.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Joseph G. Howard, and Brian T. Sexton, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GORDON delivered the opinion of the court:

After a bench trial, defendant, James Clayborn, was convicted of burglary (Ill. Rev. Stat. 1985, ch. 38, par. 19—1) on an accountability theory and sentenced to five years in prison. On appeal, he contends that he was not proven guilty of burglary on an accountability theory. We affirm defendant's conviction.

The undisputed facts are that in the early morning hours of July 1, 1986, John O'Donnell parked his 1980 Pontiac automobile at 4848 North Broadway in Chicago. When he parked it there, the passenger side rear window was not smashed and a rebuilt carburetor, air filter, and set of jumper cables were on the back seat of the auto. He had not given anyone permission to enter or damage his auto. At about 2:10 a.m., Kenneth Simmons was sitting in O'Donnell's automobile at 4848 North Broadway and defendant, James Clayborn, was standing on the

sidewalk next to the smashed passenger side window of that auto.

There is a dispute in the testimony, however, over what defendant and Simmons were doing at O'Donnell's parked auto. Officer Kotowitz, who was in an unmarked police car being driven by his partner, Officer Szparkowski, testified that as he and his partner were driving past the automobile, at a distance of approximately 35 feet away and at a rate of speed of approximately 20 to 25 miles per hour, he saw Simmons passing jumper cables, a 10-inch by 10-inch air filter box and another object to Clayborn through the smashed rear window. Kotowitz and his partner then drove about three quarters of a block past the parked automobile, made a U-turn, parked in a gas station and watched Simmons and Clayborn. They then walked toward the parked auto, and when they were within three feet, they saw the front passenger door open, the smashed window and a carburetor and box containing an air filter on the ground close to where Clayborn was standing. Clayborn was holding jumper cables in his hands, and Simmons was in the front seat of the Pontiac using a screwdriver on the car radio. When Kotowitz announced that he and his partner were police officers, Clayborn and Simmons attempted to *flee* but were caught and arrested. Szparkowski's testimony was essentially the same as that of Kotowitz except that he said he never saw Simmons hand the cables to Clayborn, and when he announced that he was a police officer, Clayborn turned and attempted to *walk* away.

Both Clayborn, who had a criminal history including four prior theft convictions and one prior robbery conviction, and Simmons testified that in the early morning hours of July 1, 1986, they were sitting and drinking wine on the steps of the post office building located in the 4800 block of North Broadway when they heard a window break. They went to see what happened and saw some people fleeing from a parked auto with a smashed window. They then walked over to the auto, and while Clayborn stood outside the auto, Simmons went in to see if he could find something which would identify the owner of the vehicle. Shortly thereafter, the police arrived and arrested both of them. Clayborn denied ever having jumper cables in his hands and denied moving away when the police arrived.

Defendant argues that he was not proven guilty of burglary because the credible evidence merely established his presence at the scene but did not establish any culpable conduct on his part. He also argues that he could not properly be found guilty of the crime of burglary on an accountability theory because the crime was completed when Simmons entered the parked automobile. The State argues that defendant was proven guilty on evidence that: (1) he had accepted a

number of items passed through the broken window by Simmons; (2) he was holding a set of jumper cables and dropped them when the police officers arrived; and (3) he attempted to leave the scene when the police arrived. The State further argues that his burglary conviction was proper because the crime was in progress during the time he was present. We find that there was sufficient evidence to properly convict defendant of burglary on an accountability theory.

When there is a dispute in the testimony of witnesses at a trial, the question of whom to believe is for the trier of fact, and we will not reverse a conviction based on the trier of fact's determination of that question unless the evidence is so improbable to raise a reasonable doubt of guilt. (*People v. Manion* (1977), 67 Ill. 2d 564, 578, 367 N.E.2d 1313, 1320.) Where defendant presents a credibility issue, we must view all evidence in a light that is most favorable to the prosecution. (*People v. Pryor* (1988), 170 Ill. App. 3d 262, 268, 524 N.E.2d 700, 704.) A person is legally accountable for another's action when "[e]ither before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." (Ill. Rev. Stat. 1985, ch. 38, par. 5—2(c).) Although mere presence at the scene of a crime is insufficient to establish accountability (*In re Whittenburg* (1976), 37 Ill. App. 3d 793, 795-96, 347 N.E.2d 103, 105), if a person is present at the scene of a crime and does not disapprove of or oppose the crime, his conduct may be considered together with other circumstances in determining whether he has aided or abetted in the commission of the crime. (*People v. Cleveland* (1986), 140 Ill. App. 3d 462, 469, 488 N.E.2d 1276, 1281.) One circumstance which courts have considered in determining that a defendant has aided in the commission of a burglary is his receipt of property which he knew did not belong to the person handing it to him. *People v. Ruckholdt* (1984), 122 Ill. App. 3d 7, 12, 460 N.E.2d 847, 851.

We have viewed the evidence in this case in a light most favorable to the prosecution and cannot say that it is so improbable to raise a reasonable doubt as to defendant's guilt. The undisputed evidence places defendant at the scene of the crime at 2:10 a.m., on July 1, 1986. Officer Kotowitz's testimony establishes that Simmons passed several items, including jumper cables, from the parked auto to defendant through the smashed window. Officers Kotowitz's and Szparkowski's testimony establishes that defendant was holding the jumper cables when they walked up to him and was standing close to a carburetor and air filter box. Their testimony also establishes that

defendant dropped the cables and attempted to leave when they announced that they were police officers. This evidence is sufficient to establish defendant's guilt of a crime.

The evidence does indicate that Officer Szparkowski did not see Simmons passing the cables to defendant, but that does not make Kotowitz's testimony incredible or the evidence improbable, and the trial court could have concluded that Szparkowski did not see it because he was the driver of the car. The evidence also indicates that Officer Kotowitz was travelling in a car at a rate of speed of approximately 20 to 25 miles per hour and at a distance of approximately 35 feet when he saw the items being passed, but again that does not make his testimony incredible or the evidence improbable. It would have been reasonable for the trial court to conclude that Kotowitz saw the three items passed because three items can be passed rather quickly during a burglary and because both Kotowitz and Szparkowski saw these three items when they approached Clayborn. The fact that Clayborn's testimony on what he was doing at the parked automobile contradicted the State's testimony did not make the State's testimony incredible or improbable since the trial court, as trier of fact, could choose to disbelieve defendant's testimony. Considering the circumstances of this case, as well as defendant's considerable criminal history, we cannot say that the trial court's assessment of his credibility was wrong.

■ The evidence in this case further supports defendant's conviction of the crime of burglary on an accountability theory. Contrary to defendant's argument, the evidence reveals that he not only was present at the time the automobile was being burglarized but that he played an active role in aiding Simmons during the commission of the burglary. Defendant served as the outside man on the burglary and received, without apparent objection, goods which he had to know did not belong to Simmons. (*People v. Ruckholdt* (1984), 122 Ill. App. 3d 7, 12, 460 N.E.2d 847, 851.) The facts that he dropped the cables and attempted to leave the scene of the crime when the police arrived serve to further demonstrate his involvement in the burglary. (*People v. Miscichowski* (1986), 143 Ill. App. 3d 646, 656, 493 N.E.2d 135, 142.) Also, contrary to defendant's argument, the evidence in this case reveals that the burglary was in progress when defendant received the carburetor, air filter box and cables from Simmons. The crucial evidence of that is that Simmons was still in the auto at that time. (See *Ruckholdt*, 122 Ill. App. 3d at 12, 460 N.E.2d at 850-51.) Since the burglary was in progress at the time defendant was providing his assistance, he is legally accountable for the actions of Simmons.

The facts in this case are similar to facts in *People v. Ruckholdt*

(1984), 122 Ill. App. 3d 7, 460 N.E.2d 847. In *Ruckholdt*, the reviewing court affirmed a defendant's conviction of burglary on an accountability theory on facts which showed: (1) he was present at the time his companion entered a vehicle; (2) he knew the vehicle did not belong to his companion; (3) his companion removed a toolbox from the vehicle and handed it to him and he then placed it in a car; and (4) he left the scene of the crime in that car. In affirming the conviction, the *Ruckholdt* court stated that the trial court had reasonably concluded on the basis of these facts that defendant was a participant in the burglary rather than an innocent bystander. (*Ruckholdt*, 122 Ill. App. 3d at 12, 460 N.E.2d at 851.) The court additionally noted that even though defendant had not seen his companion enter the vehicle, the fact that he was still in the vehicle when handing the toolbox to defendant indicated that the burglary was still in progress. (*Ruckholdt*, 122 Ill. App. 3d at 12, 460 N.E.2d at 851.) On the basis of the similar facts in the present case, we find that the trial court reasonably concluded that defendant was a participant in an ongoing burglary.

Defendant relies upon *In re Whittenburg* (1976), 37 Ill. App. 3d 793, 347 N.E.2d 103, and *People v. Curtis* (1977), 45 Ill. App. 3d 771, 360 N.E.2d 122, in arguing that the evidence failed to support his conviction on an accountability theory, but we believe these cases are factually distinguishable. *Whittenburg* involved a conviction based on facts that defendant was present at and fled from a house just before police arrested two individuals walking out of the house with stolen goods. Thus, there was no evidence of his presence or participation during the commission of the crime. *Curtis* involved a conviction based on facts that defendant was merely seen in the presence of others who had stolen property from a service station. Thus, there was no evidence of his participation in the crime other than his closeness to the perpetrators of the crime. In the present case, the evidence shows that defendant was both present at the scene of the burglary when it was occurring and he aided the commission of that crime by receiving stolen goods. Thus, he was properly found guilty of burglary on an accountability theory.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

COCCIA, P.J., and LORENZ, J., concur.